IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DON ORLANDO LATTIMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13CV692 |
| | ) | |
| JOHN OR JANE DOE, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

<u>ORDER AND RECOMMENDATION</u>
<u>OF UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff, Don Orlando Lattimore, submitted a *pro se* complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names several prison officials as Defendants. He alleges that an unknown official altered his prison records to show that he was to be housed in "close" custody when he should have been housed in "medium" custody. Plaintiff contends that the other Defendants then refused to correct the problem when notified by Plaintiff. Plaintiff contends that this violates his due process rights and his right to be free from cruel and unusual punishment under the United States Constitution. He seeks damages and equitable relief.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint,

or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable to this case, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc). ; Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983). For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because fails to state a claim on which relief may be granted.

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

As set out above, Plaintiff's claim is that he is being held at the wrong custody level in violation of his due process rights and constitutes cruel and unusual punishment.  In reviewing this contention, the Court notes that the due process clause applies if Defendants deprived Plaintiff of a liberty or property interest.  Sandin v. Conner, 515 U.S. 472 (1995).  However, a prison inmate has no liberty or property interest in a particular prison location or custody classification, even where disciplinary segregation is involved, unless the inmate can demonstrate that the restraints "'impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  Bevarati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (quoting Sandin, 515 U.S. at 484). Plaintiff makes no such allegations here. In fact, Plaintiff does not even allege that he is in segregation, only that he has a higher custody level in the general population than he should.  He sets out no facts that could support a finding that Defendants created an "atypical and significant hardship" for him.

As for Plaintiff's cruel and unusual punishment claim, his custody level does not satisfy the very high standards for cruel and unusual punishment because

> [i]n order to establish that[he] has been subjected to cruel and unusual punishment, a prisoner must prove (1) that "the deprivation of [a] basic human need was objectively 'sufficiently serious,' " and (2) that " subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (second alteration in original) (quoting Wilson, 501 U.S. at 298, 111 S.Ct. 2321). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. See Hudson, 503 U.S. at 8-9, 112 S.Ct. 995. In order to demonstrate such an extreme deprivation, a prisoner must allege "a serious or significant physical or emotional injury resulting from the challenged conditions," Strickler, 989 F.2d at 1381, or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure

> to the challenged conditions, <u>see</u> <u>Helling</u>, 509 U.S. at 33-35, 113 S.Ct. 2475.
> The subjective component of an Eighth Amendment claim challenging the
> conditions of confinement is satisfied by a showing of deliberate indifference
> by prison officials. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, 114 S.Ct. 1970,
> 128 L.Ed.2d 811 (1994). "[D]eliberate indifference entails something more
> than mere negligence ... [but] is satisfied by something less than acts or
> omissions for the very purpose of causing harm or with knowledge that harm
> will result." <u>Id.</u> at 835, 114 S.Ct. 1970. It requires that a prison official actually
> know of and disregard an objectively serious condition, medical need, or risk
> of harm. <u>See</u> <u>id.</u> at 837, 114 S.Ct. 1970; <u>Shakka v. Smith</u>, 71 F.3d 162, 166
> (4th Cir.1995).

<u>De'Lonta v. Angelone</u>, 330 F.3d 630, 634 (4th Cir. 2003).  Even if Plaintiff is correct that he is being held at the wrong custody level in the general population, this would not amount to cruel and unusual punishment.  His Complaint does not state any viable claim for relief.[2]

As a result, Plaintiff's request to proceed *in forma pauperis* should not be allowed, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment toward the filing fee.  However, Plaintiff's *in forma pauperis* application reflects that no funds have been deposited into his prison trust account during the past six months.  Therefore, the Court

---

[2] The Court notes that statutorily-created "good-time credits" may create a liberty interest in a "shortened prison sentence." <u>Sandin</u>, 515 U.S. at 477 (citing <u>Wolff v. McDonnell</u>, 418 U.S. 539, 557 (1974)). However, to the extent Plaintiff's challenge would result in the restoration of good-time credits, Plaintiff's allegations are not proper under § 1983.  Instead, he must request the proper forms and file a habeas action under 28 U.S.C. § 2254.  <u>See</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 79 (2005) ("Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of physical confinement' and thus lies at 'the core of habeas corpus.'" (internal citations and ellipses omitted) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 487-88 (1973)).

will not assess a fee, but will instead order that payments be deducted as funds become available.

Finally, Plaintiff also filed a Motion for Appointment of Counsel [Doc. #3]. That Motion will be denied in light of the recommendation that the case be dismissed.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of February, 2014, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel [Doc. #3] is DENIED.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 14th day of January, 2014.

_____
/s/ Joi Elizabeth Peake
United States Magistrate Judge
